# EXHIBIT A

SUM-100

## SUMMONS
### (CITACION JUDICIAL)

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

AUG 01 2019

BY _Mayela Martinez_
MAYELA MARTINEZ, DEPUTY

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

KNIGHT-SWIFT TRANSPORTATION HOLDINGS INC., a corporation; DOES 1-20, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

GILBERT SAUCILLO, an individual

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
*(El nombre y dirección de la corte es):* San Bernardino Superior Court

247 West Third Street
San Bernardino, CA 92415

**CASE NUMBER:**
*(Número del Caso):*

CIV DS 1923258

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
William W. Bloch, Esq., 5670 Wilshire Boulevard, Suite 1300, Los Angeles, CA 90036, (310) 477-7767

| DATE: July 31, 2019 *(Fecha)* | AUG 01 2019 | Clerk, by *(Secretario)* Mayela Martinez | , Deputy *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* Knight-Swift Transportation Holdings Inc, a corporation

under: ☑ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

COPY

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

1  LA SUPERLAWYERS INC.
   WILLIAM W. BLOCH, SBN 133139
2  5670 Wilshire Boulevard, Suite 1300
   Los Angeles, California 90036
3  Telephone: (310) 477-7767
   Facsimile: (310) 550-6798
4
   Attorneys for Plaintiff
5  GILBERT SAUCILLO

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

AUG 0 1 2019

BY_____
MAYELA MARTINEZ, DEPUTY

6

7                    **SUPERIOR COURT OF CALIFORNIA**

8                     **COUNTY OF SAN BERNARDINO**
                        CIV DS 1 9 2 3 2 5 8

9  GILBERT SAUCILLO, an individual,        )  Case No. _____
                                           )
10                                         )  **COMPLAINT FOR DAMAGES FOR:**
                              Plaintiff,   )
11                                         )  1.  Disability Discrimination in Violation of
                       v.                  )  the California Fair Employment and Housing
12                                         )  Act;
   KNIGHT-SWIFT TRANSPORTATION            )  2.  Failure to Accommodate Disability in
13 HOLDINGS INC., a corporation; and DOES )  Violation of the California Fair Employment
   1-20, inclusive,                        )  and Housing Act;
14                                         )  3.  Failure/Refusal to Engage in Interactive
                            Defendants.    )  Process;
15                                         )  4.  Breach of Duty to Prevent Discrimination
                                           )  by Taking all Reasonable and Necessary
16                                         )  Preventative Steps

17

18

19 **COMES NOW PLAINTIFF AND ALLEGES AS FOLLOWS:**

20      1.     Plaintiff GILBERT SAUCILLO (hereinafter "Plaintiff") is a resident of the City of

21 Upland, County of San Bernardino, State of California, who worked at all times relevant in San

22 Bernardino and Riverside Counties in California.

23      2.     Plaintiff alleges on information and belief that defendant KNIGHT-SWIFT

24 TRANSPORTATION HOLDINGS INC. ("Swift") is a corporation conducting substantial

25 business at all times relevant in San Bernardino and Riverside Counties, as well as most of the

26 counties of California, and is also a nationwide trucking company.  Plaintiff is informed and

27 believes and based thereon states that defendant Swift was at all times relevant the entity who

28 employed Plaintiff as a local haul, dedicated truck driver.

3.     The true names and capacities of the persons sued as DOES 1 through 20, inclusive, are unknown to Plaintiff. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and based thereon states that the persons sued herein as DOES are in some manner responsible for the conduct, injuries and damages herein alleged.

4.     Each of the defendants was the agent and/or employee of the others, and the conduct of each defendant herein alleged was authorized and/or ratified by the others. The conduct of the defendant entities was carried on by and through its authorized agents, including owners, officers, directors, managers and supervisors.

5.     All the events described herein took place in San Bernardino County, California or in neighboring Riverside County, California.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

6.     Plaintiff was hired by Swift on or about April 28, 2006, to work as a truck driver. From that date through April 2017, Plaintiff mostly worked as a dedicated truck driver where he was assigned to a single customer. From approximately 2011 through April 2017, Plaintiff worked as a dedicated driver for Walmart transporting freight from several warehouses located in San Diego, Los Angeles, Long Beach, and other areas to Walmart's distribution center in Jurupa Valley on a dedicated route.

7.     On or about April 21, 2017, while Plaintiff was conducting a pre-trip inspection of one of the trailers in the yard at Swift, a job duty that is listed as one of the essential functions of the truck driver position, Plaintiff fell and his right arm was caught on one of the trailers, injuring his right shoulder in the process. Plaintiff reported this to his dispatcher, and was sent to the company clinic on or about April 23, 2017, where he was recommended a course of therapy. Plaintiff declined the limited therapy offered, stating that it would not effectively treat his injury since Plaintiff knew it was more than a sprain, as the company doctor initially diagnosed. Plaintiff continued to work through his injury.

8.     On or about April 28, 2017, Plaintiff's pain in his right shoulder continued to worsen, causing him to return to the company clinic, where, upon further medical examination,

1  Plaintiff was informed he had torn ligaments in his shoulder and would need an MRI to evaluate

2  the full scope of the injury. Plaintiff was immediately taken off of work, and promptly went on

3  medical leave. Plaintiff was further diagnosed with an incomplete tear of the right rotator cuff

4  and impingement syndrome of the right shoulder by Scott Goldman, M.D., an orthopedic

5  specialist, on or about August 21, 2017, and subsequently underwent surgery in or about

6  November 28, 2017.

7        9.      On or about November 26, 2018, Mark A. Mandel, M.D., conducted a medical

8  evaluation of Plaintiff, which consisted of reviewing over 1500 pages of records concerning

9  Plaintiff and his shoulder injury, ten hours of medical record review, two hours of face-to-face

10  evaluation time, and eight hours of evaluation and report preparation. In his report, Dr. Mandel

11  identified the work restrictions that would need to be imposed in order for Plaintiff to return to

12  work, namely that Plaintiff would need to avoid any repetitive heavy work or lifting above the

13  right shoulder area, heavy lifting and carrying, and repetitive forceful gripping, grasping, holding

14  and twisting. Dr. Mandel stated on numerous occasions within this report that Plaintiff would be

15  able to return to his truck driver position at Swift, since Plaintiff's job primarily involved driving

16  from one location to another location, and periodically fueling his vehicle, and did not include

17  any lifting, carrying, loading, or unloading–all of which were performed by the Walmart staff.

18        10.    Plaintiff is informed and believes that Swift was provided all relevant medical and

19  treatment notes from in or about August 2017 to the present, following each of Plaintiff's

20  doctors' visits. Plaintiff further informed his employer on numerous occasions from November

21  2018 and up to the present that he was interested in returning to his truck driver position, and that

22  his doctor had approved his return to work with mild restrictions that would need to be

23  accommodated, but which did not preclude him from performing the essential functions of the

24  job.

25        11.    In or about February 2019, Plaintiff sent a letter to Swift's Work Injury Examiner

26  - III West Coast, Ms. Veitch, which included a brief statement of facts concerning the work-

27  related shoulder injury that Plaintiff sustained on April 21, 2017. Plaintiff informed Ms. Veitch

28  that Swift had refused to allow him to return to his truck driver position, and that he had been

1  provided no guidance or reasons as to why his doctor's release, which allowed him to return to

2  work with mild restrictions, had been ignored. Plaintiff also included direct quotes from Dr.

3  Mandel's Agreed Medical Examiner's Report, stating that he was approved to return to work

4  safely as a driver. He further informed Ms. Veitch that he would like to get clear direction from

5  Swift as to whether his employer would enable him to promptly return to work, and provide

6  Plaintiff with the reasonable accommodations that he had requested.

7      12.    On or about February 21, 2019, Plaintiff was informed by Swift's ADA Program

8  Administrator, Mr. Poole, that Swift would be unable to accommodate Plaintiff's restrictions, as

9  he has a permanent restriction that renders him unable to perform the duties of a truck driver–a

10 manifestly false and discriminatory statement. Plaintiff was further informed by Mr. Poole that

11 Plaintiff would be forced to go on a leave of absence without pay for an additional 60 days, as

12 Swift refused to accommodate his necessary restrictions that resulted from his injuries that he

13 sustained on the job at Swift, and Swift refused to allow Plaintiff to perform work Plaintiff had

14 always performed with excellence. Mr. Poole stated that Plaintiff could search for an open

15 position within the company that "meets his current qualifications and medical restrictions," but

16 if Plaintiff failed to secure an interview or a position within Swift by April 24, 2019, his

17 employment with Swift would be terminated. On or about April 18, 2019, Swift extended

18 Plaintiff's Job Search Leave to July 1, 2019.

19     13.    On or about May 10, 2019, Plaintiff provided Dr. Mark Mandel's Agreed Medical

20 Examiner's Report to Swift, and informed his employer that his doctor had approved his return to

21 work with mild restrictions, which would still allow Plaintiff to drive and perform the duties of

22 his job as a truck driver. Plaintiff and Dr. Mandel made clear that Plaintiff's medical restrictions

23 did not prevent him from performing the essential functions of his job.

24     14.    On or about June 5, 2019, Mr. Poole informed Plaintiff that after reviewing the

25 medical information that Plaintiff provided, Swift concluded that Plaintiff could not perform the

26 essential functions of his job. Plaintiff was further informed that he was approved for an unpaid

27 Job Search Leave until July 15, 2019, and if he failed to secure a position with Swift by this date,

28 that his employment would be terminated.

COMPLAINT FOR DAMAGES

4

15.     On July 15, 2019, Plaintiff was terminated by Swift. Despite the fact Plaintiff had submitted applications online, Swift has not interviewed him for a single position.

16.     Throughout the entire time between November 2018 and up to the present, Plaintiff repeatedly and on numerous occasions requested to be allowed to return to work. However, despite Swift's knowledge that Plaintiff's doctor had approved him to return to his truck driver position, which Plaintiff had informed his employer of on many occasions, Swift continued to deny Plaintiff this opportunity as they refused to accommodate his work restrictions deemed necessary by his doctor, driven by discriminatory animus.

17.     As a proximate result of Defendant Swift's wrongdoing, Plaintiff has suffered economic loss and severe mental and emotional distress. Plaintiff was discriminated against based on his disability and perceived disability, and he was denied reasonable accommodations, and Swift willfully refused to engage in the interactive process with Plaintiff. Defendant Swift has failed to specify a single actual function or portion of any function of Plaintiff's job that he could not perform.

18.     Plaintiff has timely complained to the DFEH and has received a right-to-sue letter that was issued less than one year prior to the filing of this complaint, thereby timely exhausting his administrative remedies.

## FIRST CAUSE OF ACTION

### DISABILITY DISCRIMINATION IN VIOLATION OF THE

### CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT

(Against Knight-Swift Transportation Holdings Inc. and Does 1-20)

19.     Plaintiff incorporates the allegations of paragraphs 1 through 18 as though fully set forth herein.

20.     The conduct above-described, in forcing Plaintiff to take an unpaid leave of absence substantially motivated by his disability and perceived disability, and Swift's continued refusal to return Plaintiff to work when he was ready, willing and able constituted violations of the California Fair Employment and Housing Act, *Government Code* §§ 12940 et seq. Plaintiff was disabled at the time of the forced unpaid absence and/or he was regarded as disabled by

1    defendants, pertaining to a major life activity--working. At all times relevant and as alleged

2    above, Plaintiff was able to perform the essential functions of his job, and in fact could have

3    performed his job with reasonable accommodation.

4         21.      Plaintiff's disabilities or perceived disabilities were a substantial motivating factor

5    in him being forced to go on unpaid leave by defendants, and Swift's refusal to return him to

6    work, and then to terminate him.

7         22.      As a proximate result of the actions of defendants and each of them, Plaintiff has

8    suffered loss of his employment, wage loss, impairment of earning capacity, severe and

9    continuing mental and emotional distress, sleep loss, and other damage in an amount to be

10    proved.

11        23.      The conduct of defendants and each of them in arbitrarily forcing Plaintiff to take

12    an unpaid leave of absence, violated *Civil Code* § 3294 in the following respects:

13        a.   The defendants' acts were carried on by defendants with a willful and conscious

14    disregard of Plaintiff's legal rights under the California Fair Employment and Housing Act.

15        b.      Defendants' conduct was oppressive in that it was despicable conduct which

16    subjected Plaintiff to cruel and unjust hardship in conscious disregard of his rights. Plaintiff is

17    therefore entitled to punitive damages against defendants and each of them.

18        24.      Plaintiff is informed and believes and based thereon states that the wrongful

19    conduct of defendants herein was ratified by one or more of its managing agents. Swift is liable

20    in punitive damages for the conduct of its managing agents.

**SECOND CAUSE OF ACTION**

**FAILURE TO ACCOMMODATE DISABILITY IN VIOLATION OF THE**

**CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT**

(Against Knight-Swift Transportation Holdings Inc. and Does 1-20)

25        25.      Plaintiff incorporates the allegations of paragraphs 1 through 24 as though fully

26    set forth here.

27        26.      Defendants failed and refused to accommodate Plaintiff's disability and perceived

28    disability, despite his notice to them of the nature of the disability and need for accommodation,

1    and the fact that Defendants could have reasonably accommodated him without undue hardship.

2    Defendants forced Plaintiff to take an unpaid leave of absence for the sole reason that they failed

3    to accommodate his disability, and refused to return him to work when he was capable.  This

4    violated  the California Fair Employment and Housing Act, *Government Code* §§ 12940 *et seq.*

5    Defendants also had a duty to engage in the interactive process to find ways to accommodate

6    Plaintiff's disability, but they failed and refused to do so.

7         27.     Plaintiff is informed and believes and thereon alleges that his disability could

8    have been reasonably accommodated by defendants, had they made good faith efforts to do so.

9    The reasonable accommodations included avoiding repetitive heavy work above the shoulder

10    level with his right arm, precluding heavy lifting and carrying, abstaining from any repetitive

11    pushing and pulling, and other lifting restrictions.  Plaintiff states that such lifting issues do not

12    pertain to his most recent position at Swift, as Walmart forbids all drivers from touching the

13    freight, let alone lifting or carrying it.  Plaintiff states on information and belief that the tasks he

14    performed as a truck driver for Swift, such as transporting freight for Walmart from one location

15    to another, as well as hooking and unhooking the trailers from the truck, were consistent with

16    Plaintiff's work restrictions, that Plaintiff was and is able to perform all of the essential functions

17    of the job, including fueling his vehicle, and defendant could have provided him with reasonable

18    accommodations without undue hardship.

19         28.     As a proximate result of the actions of defendants and each of them, Plaintiff has

20    suffered wage loss, impairment of earning capacity, severe and continuing emotional distress,

21    sleep loss, and other damage in an amount to be proved.  The conduct of defendants and each of

22    them in arbitrarily forcing Plaintiff to go on unpaid leave, violated *Civil Code* § 3294 in the

23    following respects:

24         a.   The defendants' acts were carried on by defendants with a willful and conscious

25    disregard of Plaintiff's legal rights under the California Fair Employment and Housing Act.

26         b.     Defendants' conduct was oppressive in that it was despicable conduct which

27    subjected Plaintiff to cruel and unjust hardship in conscious disregard of his rights.

28         29.     Plaintiff is informed and believes and based thereon states that the wrongful

1   conduct of defendants herein was ratified by one or more of its managing agents.  The defendants

2   are liable in punitive damages for the conduct of their managing agents.

### THIRD CAUSE OF ACTION

### FAILURE/REFUSAL TO ENGAGE IN THE INTERACTIVE PROCESS IN

### VIOLATION OF THE CALIFORNIA FAIR EMPLOYMENT & HOUSING ACT

(Against Knight-Swift Transportation Holdings Inc. and Does 1-20)

30.     Plaintiff incorporates the allegations of paragraphs 1 through 29 as though fully set forth here.

31.     Plaintiff gave notice to defendants of his lifting related work restrictions, and the fact he needed reasonable accommodations as a result of his disability and perceived disability. Defendants were aware that Plaintiff's Agreed Medical Examiner, Mark A. Mandel, M.D., stated in his report that Plaintiff appeared to be able to return to work with the appropriate work restrictions, and that he could safely return to work as a driver since his job involved driving from one location to another, but not any lifting, carrying, loading or unloading.  Defendants never entered into a dialogue with Plaintiff to determine appropriate accommodations of Plaintiff's disability, despite his notice to them of the nature of the disability and need for accommodation.

32.     Defendants failed and refused to enter into a timely good-faith interactive process with Plaintiff, though Plaintiff, at all times relevant, was willing to do so.  The foregoing acts and omissions constituted violations of the California Fair Employment and Housing Act, *Government Code* §§ 12940 *et seq.*, in that defendants had a duty to engage in the interactive process and failed to do so.  Plaintiff is informed and believes and thereon alleges that his disability could have been reasonably accommodated by defendants, had they made good faith efforts to do actually meet with him and do so.

33.     As a proximate result of the actions of defendants and each of them, Plaintiff has suffered wage loss, impairment of earning capacity, severe and continuing emotional distress, sleep loss, and other damage in an amount to be proved.

34.     The conduct of defendants and each of them in arbitrarily forcing Plaintiff to take

an unpaid leave of absence, violated *Civil Code* § 3294 in the following respects:

    a.  The defendants' acts were carried on by defendants with a willful and conscious disregard of Plaintiff's legal rights under the California Fair Employment and Housing Act.

    b.    Defendants' conduct was oppressive in that it was despicable conduct which subjected Plaintiff to cruel and unjust hardship in conscious disregard of his rights.

35.    Plaintiff is informed and believes and based thereon states that the wrongful conduct of defendants herein was ratified by one or more of its managing agents. The defendants are liable in punitive damages for the conduct of their managing agents.

## FOURTH CAUSE OF ACTION

## BREACH OF DUTY TO PREVENT DISCRIMINATION BY TAKING ALL
## REASONABLE AND NECESSARY PREVENTATIVE STEPS

(Against Knight-Swift Transportation Holdings Inc. and Does 1-20)

36.    Plaintiff realleges Paragraphs 1 through 35, inclusive, and incorporates them as through set forth at length herein.

37.    At all times material, defendant Swift had a statutory duty to its employees, including Plaintiff, to take all reasonable and necessary preventative steps to prevent discrimination, under Government Code Section 12940(j). Moreover, it was reasonably foreseeable that the breach of such duty would cause Plaintiff to sustain injuries and damages if Plaintiff was subjected to the wrongful conduct of the defendants which is described herein above.

38.    Pursuant to *Trujillo v. North County Transit District* (1998) 63 Cal. App. 4th 280, Plaintiff has a right to bring a tort cause of action for such breach of duty.

39.    In spite of defendants' duty to take all reasonable steps to prevent discrimination from occurring, including a duty to conduct an investigation after Plaintiff's complaint(s) were made, defendants intentionally or carelessly breached such duty causing Plaintiff damages, according to proof.

40.    As a direct and foreseeable result of the aforementioned acts of defendants, Plaintiff has suffered loss of wages and health benefits, severe and continuing emotional distress,

1  depression, and other general and special damages in an amount to be proved at trial.

2      41.    Plaintiff also incurred legal fees and costs for which he seeks recovery.

3  **PRAYER FOR RELIEF**

4      WHEREFORE, Plaintiff prays for judgment against the defendants, and each of them, as

5  follows:

6      1.    For general damages in an amount to be ascertained according to proof;

7      2.    For special damages according to proof;

8      3.    For punitive damages as to the first three causes of action;

9      4.    For attorneys fees pursuant to *Government Code* § 12965 as to all causes of

10  action;

11      5.    For equitable and injunctive relief;

12      6.    For costs of suits incurred herein;

13      7.    For such other and further relief as the Court may deem just and proper.

14  DATED: July 31, 2019        LA SUPERLAWYERS INC.

16  By _____
17  William W. Bloch
Attorneys for Plaintiff GILBERT SAUCILLO

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DAMAGES
10